WAGNER ET AL. *v.* HOME SAVINGS & LOAN
ASSOCIATION ET AL.

[No. 15,290. Filed December 15, 1936.]

*Russell J. Wildman,* for appellants.

*Claude Y. Andrews* and *Oliver F. Rhodes,* for appellees.

LAYMON, J.—On January 11, 1935, appellees entered their special appearance and filed their motion to dismiss this appeal, alleging therein that this is an attempted vacation appeal from a judgment rendered in the Cass Circuit Court on the 13th day of November, 1933, wherein Mabel Grove (appellee) was plaintiff

and Home Savings & Loan Association of Peru (appellee), Gordon Weller, and Dent H. Wagner (appellants) were defendants. Said judgment was in favor of the plaintiff (Mabel Grove) against said defendants. That thereafter, on the 26th day of May, 1934, the appellees, Mabel Grove and Home Savings & Loan Association, acknowledged service of the following notice:

"In the Appellate Court of Indiana

January Term, 1934

Home Savings & Loan Association ⎫
Gordon Weller   |
Dent H. Wagner   |
       *Appellants* ⎬   **Notice**
  *vs.*   |
  |
Mabel Grove   |
       *Appellee* ⎭

You are hereby notified that we hereby appeal to the Appellate Court of Indiana, from the judgment rendered in favor of Mabel Grove against Home Savings & Loan Association of Peru, Indiana, Dent H. Wagner and Gordon Weller on the 13th day of November, 1933, by the Cass Circuit Court in Cause No. 22450 entitled Mabel Grove vs. Home Savings & Loan Association et al.

Gordon Weller
Dent H. Wagner

'Filed June 18, 1934
Fred B. Pickett, Clerk.'

Peru, Indiana
May 26, 1934

We hereby acknowledge service of the above and foregoing notice this 26th day of May, 1934.

Geo. B. Fisher,
Clerk of Miami Circuit Court.
Sylvester Kelly,
Clerk of Cass Circuit Court.
Home Savings & Loan Association
By C. Y. Andrews, Atty.

Rhodes & Callaway, Attys.
  for Mabel Grove."

That appellees relied on said notice and believed the same to express the true intent and purpose of the appealing parties; that appellees did make inquiry from time to time at the office of the clerk of the Appellate Court after a period of sixty days from the date of the service of said notice and continuing thereafter for a period of one hundred eighty days but were unable to find on the Appellate Court dockets the case "which the clerk of said court could identify as the appeal designated in said notice" and that appellees believed that no appeal had been perfected; that appellees did not learn until the December calendar, 1935, of the Appellate Court was issued that an appeal had been perfected and was pending in said court entitled "Dent H. Wagner, Gordon Weller vs. Home Savings & Loan Association of Peru, Mabel Grove"; that upon examination of the records, the appellees discovered that the transcript of the record, together with an assignment of errors, had been filed on the 18th day of June, 1934, and that the cause had been submitted on the 18th day of July, 1934, and that the appellants had filed their brief on the 8th day of September, 1934, and that the time had expired when, by the rules of said court, the appellees could file their answer brief.

Appellees contend that said appeal should be dismissed for the reasons, first, that no statutory notice of a vacation appeal was given in this cause; second, that the notice, by the transposing of the names of the parties in the caption, misinformed appellees as to the title by which said appeal would be made and misled appellees in ascertaining whether an appeal had been taken, thereby depriving the appellees of their right to appear and file an answer brief within the time permitted by the rules.

On January 21, 1935, appellees' motion to dismiss the appeal was continued until final hearing, and ap-

pellees were given leave to file their answer brief on or before February 22, 1935.

In disposing of this motion to dismiss the appeal, it is evident that the appellees were not harmed by their inability to find the cause docketed in the clerk's ▮ office and thereby deprived of filing their answer brief within the time permitted by the rules for the reason that this court, on the 21st of January, 1935, granted appellees leave to file their answer brief on or before February 22, 1935. The mere fact that one who ought to be an appellee was named as an appellant in the caption of the notice would not invalidate the notice, as there is nothing in the statute which requires an appellant to describe particularly the names of the appellants and appellees in the caption of the notice to be given in a vacation appeal. The body of the notice which was served at the instance of the appellants, Gordon Weller and Dent H. Wagner, the service of which was acknowledged by appellees, Home Savings & Loan Association and Mabel Grove, sufficiently apprised appellees of the action which appellants had taken and was a substantial compliance with the statute.

The motion to dismiss the appeal is overruled.

The appellees have not favored us with an answer brief upon the merits.

Appellee's (Mabel Grove, plaintiff below) action, pleaded in two paragraphs, sought recovery of $1,050 for money had and received for her use and benefit against the appellee, Home Savings & Loan Association, and made appellants Dent H. Wagner and Gordon Weller, parties thereto, as claiming some interest therein. The appellee Home Savings & Loan Association and the appellants, Gordon Weller and Dent H. Wagner, filed their separate answers to appellee's complaint. It is unnecessary to set out the substance of these pleadings, except to say that they pre-

sent the sole issue as to who was entitled to the money held by the appellee, the Home Savings & Loan Association. There was a trial before the court which resulted in a finding and judgment for the appellee Mabel Grove against the appellee Home Savings & Loan Association in the sum of $1,128.96 and that the appellants, Dent H. Wagner and Gordon Weller, should take nothing. The appellants filed a motion for a new trial which was overruled and jointly and severally assign as error the overruling of their motion for a new trial, which motion recites: (a) that there was error in the assessment of the amount of recovery, in that the amount was too large; (b) that the decision of the court is not sustained by sufficient evidence; (c) that the decision of the court is contrary to law. The evidence in brief discloses: That appellee Mabel Grove and appellant Dent H. Wagner were husband and wife on the 25th day of April, 1929, and on said date entered into a written conditional sale contract with appellant Gordon Weller for the purchase of certain real estate, agreeing to pay therefor the sum of $600 upon the execution of the contract and the further sum of $60 per month, payable monthly, until the full purchase price of $6,500, together with all interest thereon, had been paid; that they thereupon took possession of the property under the contract and continued in possession until the 25th of March of the following year; that appellee's husband left her in February, and she advertised the property for rent or for sale in the newspaper; that Mr. Pyle answered the advertisement and, began negotiations with appellee Mabel Grove with reference to the sale of the property, whereupon appellee Mabel Grove sold the equity in the real estate to Mr. Pyle, and the sale was consummated on the 26th day of March, 1930, by a written contract entered into by appellant Gordon Weller and Mr. Pyle; that appellant Weller agreed to

permit Mr. Pyle to take over the property after appellee's (Mabel Grove's) equity had been satisfied and that Mr. Weller, Mr. Pyle and appellee Mabel Grove consummated the sale wherein $1,050 in cash was paid by Mr. Pyle, as purchaser, under the contract and that said money was left in the possession of the Home Savings & Loan Association; that said amount represented the equity that appellee Mabel Grove had in the property; that appellee Mabel Grove was delinquent in the payments under her contract and attempted to pay them and that appellant Weller informed her that her equity would be safeguarded against anything that appellant Wagner "might come up for." That at the time appellee's husband left her he (appellant Wagner) notified her that he would not contribute any more toward the payments on the property and that he intended to keep the property until he became delinquent, at which time he would turn it over to Mr. Weller, and that he would not give it to her; and that if she got anything out of the place she was welcome to it; that thereafter appellant Wagner demanded a portion of the money after he discovered that appellee Mabel Grove had negotiated the sale, and appellee Mabel Grove informed him that he had no interest in the real estate and that he had forfeited his rights by leaving and refusing to allow her to have the contract, whereupon appellant Wagner threatened he would "turn over to Mr. Weller's side and help him retain it"; that appellee Mabel Grove agreed to allow him to have a portion of the money, provided that appellant Wagner would pay the attorney fees and "help me out in the case to get the money." Appellee Mabel Grove made the first cash payment under the contract of $600 and subsequently made monthly payments under said contract aggregating $520. There was some evidence concerning taxes and assessments, but this evidence was conflicting, together with the evidence

on appellant Wagner's claim for a portion of the money, and this court will not weigh conflicting evidence. We think there is ample evidence to warrant the court's finding that the appellee Mabel Grove was entitled to the amount awarded her.

Finding no reversible error, the judgment of the lower court is affirmed.